**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**WILLIE B. WILLIAMS,**

**Plaintiff,**

**vs.**

**KRISTEN ENGLISH,**

**Defendant.**

**Case No. 11-2490-JAR**

## MEMORANDUM AND ORDER

This matter is before the Court pursuant to the Court's Order to Show Cause (Doc. 26). This action was removed from Wyandotte County District Court, Case No. 11-cv-1307, on August 29, 2011, pursuant to a Notice of Removal.[1] In his state court Petition for Damages, Plaintiff sought damages in excess of $75,000.[2] However, on February 17, 2012, Plaintiff filed a Motion to Dismiss (Doc. 16), asserting that the amount in controversy in this case is less than $75,000 and requesting that the case be dismissed without prejudice so that Plaintiff may pursue his cause of action in state court. Defendant filed an objection arguing that she has already incurred expenses in defending this case and conducting depositions.[3]

Pursuant to the Court's Order to Show Cause, the parties were required to show good cause in writing to the Honorable Julie A. Robinson, United States District Judge, on or before **May 10, 2012**, why this action should not be remanded for lack of jurisdiction pursuant to 28 U.S.C. § 1447(c). The parties filed their responses to the show cause order.

---

[1] Doc. 1.

[2] *Id.* at 5.

[3] Doc. 18.

Plaintiff, in his response,[4] agrees with the Court's determination that remand to state court is proper, and asks the Court to amend his motion to dismiss to a motion to remand. Defendant's response[5] argues that the case should be dismissed without prejudice, citing Fed. R. Civ. P. 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." However, because this case was removed from state court, the Court finds that remand would be appropriate under 28 U.S.C. § 1447(c).

> Lack of subject matter jurisdiction does not extinguish a removed state court case; section 1447(c) only requires the district court to remand it to state court. In contrast, lack of subject matter jurisdiction terminates a case originally filed in federal court because Rule 12(h)(3) instructs the district court to dismiss cases which do not meet jurisdictional prerequisites.[6]

Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[7] Jurisdiction based on diversity of citizenship requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[8] Because the amount in controversy is less than $75,000, the Court finds that remand to state court is appropriate. Plaintiff agrees that he will not seek damages in excess of $75,000 on remand.[9] Upon remand, any depositions or other discovery conducted in this case shall be used in the remanded case.

---

[4]Doc. 27.

[5]Doc. 28.

[6]*Moravian Sch. Advisory Bd. of St. Thomas, V.I. v. Rawlins*, 70 F.3d 270, 276 (3d Cir. 1995) (citation omitted).

[7]28 U.S.C. § 1447(c).

[8]28 U.S.C. § 1332(a).

[9]Doc. 27.

Defendant further asserts in her response that if the Court believes that a remand would be appropriate pursuant to 28 U.S.C. § 1447, then the Court should award Defendant her costs identified and requested in Defendant's Objection and Response to Plaintiff's Motion to Dismiss.[10] Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." Defendant sets forth the following costs: the $350.00 filing fee paid to remove the action from state court; the $442.25 cost to obtain Plaintiff's deposition transcript; the $148.15 cost to obtain Defendant's deposition transcript; her portion of the cost to attend mediation in the amount of $689.00; and $12,085.00 in attorney's fees.[11] Because Plaintiff's original petition sought damages in excess of $75,000, the Court will award Defendant her costs for filing the removal in the amount of $350.00. However, the remaining costs remain beneficial to Defendant in the ongoing litigation. The Court has found that upon remand, any depositions or other discovery conducted in this case shall be used in the remanded case.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Dismiss (Doc. 16) shall be amended to seek a motion to remand, and the motion to remand shall be **GRANTED**.

**IT IS FURTHER ORDERED** that this matter shall be **REMANDED** pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that Defendant shall be awarded her costs in filing the removal action in the amount of $350.00.

---

[10]Doc. 18.

[11]Docs. 18 and 19.

**IT IS SO ORDERED.**

**Dated: May 15, 2012**

**S/ Julie A. Robinson**
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**